## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **CHARLOTTE BRYAN** | § | |
| **and BRYAN HUGH CHAPMAN** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CASE NO. 2:05-CV-109** |
| | § | |
| **CLARK JONES** | § | |
| **Defendant** | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Clark Jones' ("Defendant" or "Jones") Motion to Dismiss for Failure to State a Claim (Docket No. 3). For the reasons set forth below, the Court **GRANTS** the motion and **DISMISSES** this case with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim.

## BACKGROUND

Plaintiffs Charlotte Bryan ("Bryan") and Bryan Hugh Chapman ("Chapman")(collectively "Plaintiffs") are Texas ranchers that breed and sell Beefmaster-brand cattle. Jones is a Tennessee rancher currently serving as president of the Beefmaster Breeders United ("BBU"), a professional cattlemen's association which determines the criteria and eligibility for cattle to obtain Beefmaster certification. Jones also owns a bull named Soul Man.

Plaintiffs bring this suit individually and "for the benefit of other Beefmaster breeders worldwide," accusing Jones of damaging "the business of Plaintiffs and others similarly situated . . . by selling semen from a certain bull named Soul Man [ ] and represented to be a Beefmaster bull." Pls.'Compl. at para. 2 (Docket No. 1). Plaintiffs allege that Soul Man "is not a Beefmaster bull"

since "[t]he markings and genetic testing on the animal reveal the bull is 50 percent black angus." *Id.* No other facts are alleged in the complaint. Notably, Plaintiffs do not allege to have purchased the allegedly tainted semen of Soul Man.

The complaint does not suggest any specific theories of liability, but does seek a preliminary injunction against "representing the animal to be a Beefmaster and from any further sell [sic] of semen." *Id.* at para. 3. Jones argues that this case should be dismissed, since it deals with an internal BBU dispute that is presently being addressed pursuant to BBU by-laws.

## STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a party fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the court construes the complaint in favor of the plaintiff and all facts pleaded are taken to be true, no matter how improbable those facts. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.*

## ANALYSIS

In their response to the motion to dismiss, Plaintiffs assert this case should not be dismissed, since their complaint supports claims for: (1) violations of their property rights, (2) negligence, (3) tortious interference with contractual relations, (4) tortious interference with prospective business relations, and (5) breach of contract.   Each of these assertions will be discussed below.

1. Violation of Property Rights

Plaintiffs argue that Defendant's misrepresentation of Soul Man as a Beefmaster bull and the subsequent sale of Soul Man's semen to other breeders has damaged their business reputation and the value of their livestock.  These damages, according to Plaintiffs, are tantamount to violations of their property rights.  Since their property rights have allegedly been violated, Plaintiffs urge the Court to intervene in this dispute.  The Court though will not intervene, since Plaintiffs fail to show what property rights are due to them.

Plaintiffs do claim that they have suffered damages, but nowhere in the complaint do they allege facts to support a claim that Jones violated their property rights.  Plaintiffs simply state that Jones' action were somehow inconsistent with BBU guidelines and now ask the Court – despite the BBU having already suspended Soul Man's certification – to settle this dispute, in part by intervening in the inner workings of the BBU, a private organization that is not even a party to this case.  Plaintiffs do not allege the violation of a state or federal statute that would give rise to this cause of action.  Plaintiffs do not allege that Jones violated their Fifth Amendment rights to due process or their Fourteenth Amendment rights to equal protection under the laws, or any analogous provisions in the Texas constitution.  Plaintiffs do not allege the taking of property.  Even if

Plaintiffs made such allegations, the Court is aware of no independently enforceable state or federal property interest owed by Jones or the BBU to the Plaintiffs.  *See Burge v. Am. Quarter Horse Ass'n*, 782 S.W.2d 353, 355 (Tex. App.–Amarillo 1990, no writ)(court should not intervene in horse owner's challenge to an equine association's cancellation of his stallion's registration certificate, despite implications of his property right, since "a voluntary association has the right to interpret its own organic agreements such as its by-laws and regulations"); *Marrero v. City of Hialeah*, 625 F.2d 499, 514-15 (5th Cir. 1980)(although one holds property rights in their business reputation, an alleged violation of those rights "alone does not state a claim" and only serves as "an element of damages flowing from [other] unlawful conduct").   The Court therefore concludes that Plaintiffs have failed to state a claim that their property interests have been violated.

2. Negligence

Plaintiffs argue that Jones, by attempting to pass off Soul Man as a Beefmaster bull, has breached the duties he holds as president of the BBU to see that only cattle meeting BBU guidelines are certified as Beefmaster bulls.   However, the Complaint does not allege that Jones violated his presidential duties and indeed makes no mention of negligence.   The Court has no way of inferring from Plaintiffs' lean factual allegations what Jones' presidential duties are.   Thus, Plaintiffs have not stated a claim for negligence.

3. Tortious Interference with Contractual Relations

Plaintiffs argue that Jones' actions constitute tortious interference with contractual relationships since the dilution of the Beefmaster name has made it harder for Plaintiffs to enter into

agreements to sell their Beefmaster cattle.  The four elements needed to establish a claim for tortious interference with contractual relationships are: 1) an existing contract subject to interference, 2) a willful and intentional act of interference with a contract, 3) that act proximately causing the injury, and 4) actual damages or losses.  *See ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex.1997).  Plaintiffs have failed to plead any of these four elements.

4. Tortious Interference with Business Relationships

Plaintiffs similarly argue that Jones' actions constitute tortious interference with business relationships.  The four elements needed to establish this claim are: 1) a reasonable probability that the parties would have entered into a contractual relationship, 2) an intentional and malicious act by the defendant that prevented the relationship from occurring, for the purpose of harming the plaintiff, 3) the defendant lacking privilege or justification to do the act, and 4) actual harm or losses.  *See Grace v. Zimmerman,* 853 S.W.2d 92, 95 (Tex. App.–Houston [14th Dist.] 1993, no writ).  Plaintiffs have again failed to plead any of these four elements.

5. Breach of Contract

Plaintiffs assert that the by-laws of the BBU form a binding contract between BBU members, so Jones has breached his contract with Plaintiffs by violating BBU by-laws.  However, the Court is "severely limited under the common law [of] Texas" in its ability to enforce the by-laws of an organization," even if the violation is "couched . . . as a breach of contract claim."  *Dallas County Med. Soc'y v. Ubinas Branche,* 68 S.W.3d 31, 41 (Tex. App.–Dallas 2001, pet. denied). "Judicial review is proper only when the actions of the organization are illegal, against some public policy,

or are arbitrary or capricious." *Id.*  The Court cannot infer such allegations from the sparse facts pled in Plaintiffs' complaint.  Thus, Plaintiffs cannot state a claim for breach of contract

**CONCLUSION**

Plaintiffs have asserted no claims under any recognized theory of tort or contract law, nor have they asserted the violation of a protected property interest.  Accordingly, this case is **DISMISSED** with prejudice.

**So ORDERED and SIGNED this 19th day of May, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**